IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA, §
§
    Government, §
§
VS. § CASE NO. 2:10-CR-39-J
§
SERGIO OMAR FLORES, §
§
    Defendant. §

================================================================

**SENTENCING**

NOVEMBER 19, 2010

VOLUME I OF I

================================================================

    On the 19th day of November 2010, a Sentencing Hearing in the above-entitled and numbered cause came on to be heard before the **Honorable Mary Lou Robinson**, United States District Judge for the Northern District of Texas, presiding.

Proceedings reported by mechanical stenography; transcript produced by computer.

**VOLUME I (PAGES 1 – 13)**

PROCEEDINGS FOR NOVEMBER 19, 2010

| | PAGE |
|---|---|
| CAPTION................................................................. | 1 |
| INDEX................................................................... | 2 |
| APPEARANCES............................................................. | 3 |
| SENTENCING PROCEEDINGS.................................................. | 4 |
| OBJECTIONS TO PSR (RESOLVED)............................................ | 4 |
| ALLOCATION OF THE DEFENDANT............................................. | 5 |
| ARGUMENT BY MS. GUNDEN.................................................. | 6 |
| PRONOUNCEMENT OF SENTENCE............................................... | 9 |
| DEFENDANT REMANDED..................................................... | 12 |
| REPORTER'S CERTIFICATE.................................................. | 13 |

```
 1                    A-P-P-E-A-R-A-N-C-E-S

 2

 3    FOR THE GOVERNMENT:        MS. VICKI LAMBERSON
                                 Assistant United States Attorney
 4                               500 South Taylor, LB 238
                                 Amarillo, Texas   79101-2442
 5

 6

 7

 8    FOR THE DEFENDANT:         MS. BONITA L. GUNDEN
                                 Assistant Federal Public Defender
 9                               500 S. Taylor, Suite 110
                                 Amarillo, Texas   79101
10

11

12

13    COURT REPORTER:            MS. STACY MAYES MORRISON
                                 Official Court Reporter
14                               205 E. 5th, LB #F13263
                                 Amarillo, Texas   79110
15                               (806) 672-6219

16

17

18

19

20

21

22

23

24

25
```

```
 1              PROCEEDINGS FOR NOVEMBER 19, 2010
 2      (The following took place in open court with the
 3  defendant present.)
 4          THE COURT:  I'll call for sentencing 2:10-CR-39, the
 5  United States of America versus Sergio Omar Flores.
 6          MS. LAMBERSON:  The Government's ready.
 7          MS. GUNDEN:  Defendant's ready.
 8          THE COURT:  Are you Sergio Omar Flores?
 9          THE DEFENDANT:  Yes, Your Honor.
10          THE COURT:  Mr. Flores, did you go over the
11  Presentence Report with your lawyer?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  And the -- I'm going to talk to her
14  about any objections she has here to the Presentence Report at
15  this time.  And then I'm going to ask you if you think of
16  anything else that's not correct in the Presentence Report.
17  If there is something that's not correct, we need to correct
18  it now, and I'll give you a chance to tell me about it.
19          Ms. Gunden, have your objections to the Presentence
20  Report been resolved by the addendum, or do you wish to be
21  heard further on those?
22          MS. GUNDEN:  The objections have been resolved, Your
23  Honor.
24          THE COURT:  All right.  Now, Mr. Flores, can you
25  think of anything that's not correct in the Presentence
```

1  Report?
2          **THE DEFENDANT**:  No, ma'am, Your Honor.
3          **THE COURT**:  Does the Government have evidence on the
4  question of sentencing?
5          **MS. LAMBERSON**:  No, Your Honor.
6          **THE COURT**:  Ms. Gunden?
7          **MS. GUNDEN**:  No evidence, Your Honor.
8          **THE COURT**:  Mr. Flores, you have what's called the
9  right of allocution.  You can make a statement to the Court.
10 If you wish to do so, I'll listen to what you have to say.
11         **THE DEFENDANT**:  I just want to take responsibility,
12 Your Honor, for my actions and --
13         **THE COURT**:  You know, I suspect the court reporter
14 can't hear you.  If you'll go to the podium, our microphone is
15 hooked up to that, and you can speak into the mike.
16         **THE DEFENDANT**:  I want to take responsibility for my
17 actions.  And while I'm in prison, I plan to get all the help
18 I can from the doctors, so that I can stop hearing the voices
19 some day, Your Honor, and I know if I try real hard and listen
20 to what they say, I could be normal again.  And that's it,
21 Your Honor.
22         **THE COURT**:  All right, sir.  Does the Government
23 wish to be heard in argument?
24         **MS. LAMBERSON**:  No, Your Honor.
25         **THE COURT**:  Ms. Gunden?

|   |   |
|---|---|
| 1 | **MS. GUNDEN**:  Your Honor, I filed a Sentencing |
| 2 | Memorandum in this case, which I'm confident the Court's read. |
| 3 | **THE COURT**:  And I've read the whole thing. |
| 4 | **MS. GUNDEN**:  And so I don't want -- |
| 5 | **THE COURT**:  And it was a lengthy memorandum. |
| 6 | **MS. GUNDEN**:  I don't want to belabor those points, |
| 7 | but just to highlight a few, it's our position that the |
| 8 | guideline sentence of twenty-five to thirty years in this case |
| 9 | is far more than necessary to meet the dictates of 3553(a). |
| 10 | Just looking at the fact that Mr. Flores ended up |
| 11 | with a base offense level of 38 based solely on the purity of |
| 12 | the methamphetamine that he was transporting results in a five |
| 13 | year higher sentence than if he was just sentenced on the |
| 14 | quantity of the methamphetamine as opposed to the purity.  I |
| 15 | believe that's significant in this case because there is |
| 16 | absolutely no evidence to indicate that Mr. Flores has ever |
| 17 | been involved in drug trafficking before, that he stood to |
| 18 | benefit from the high purity of the substance.  In fact, the |
| 19 | evidence is clear that he had agreed to do this transport for |
| 20 | the sum of $1,000. |
| 21 | So that difference in itself would reduce the |
| 22 | sentence from a minimum of twenty-five to approximately a |
| 23 | minimum of twenty. |
| 24 | And then, as we've set out in the memo, we believe |
| 25 | there are some other factors that can be taken into |

1  consideration by the Court in even going lower than that.
2          First and foremost are the substance abuse problems
3  and mental health issues of this particular defendant.  And
4  any sentence that is imposed is clearly going to be long
5  enough that he's going to clearly get detoxed, assuming he
6  doesn't have access to any alcohol or drugs while
7  incarcerated.  That's going to be significant, and that's
8  going to be really helpful, number one.
9          Number two, I'm hopeful that he will continue to
10 receive the mental health treatment that he needs while
11 incarcerated at the Bureau of Prisons.  It's only been since
12 2009 that he's had the diagnosis of schizophrenia as adult --
13 as an adult, and has begun to at least get some medication for
14 that.
15         So I think those two issues can be addressed while
16 he's incarcerated.
17         And when you take into consideration all of the
18 history and characteristics of this particular individual, and
19 you look at that in light of his placement in Criminal History
20 Category VI -- now, I know he has a lengthy criminal history,
21 it's a lot of stuff, but it's a lot of misdemeanor offenses.
22 He has never been convicted of a felony; he's never served any
23 time in prison.  And clearly when you have someone who has
24 never been in prison before, the deterrent effect of a really
25 lengthy sentence becomes less significant.  Okay?  Because

1  he's never been there before, so a sentence of even ten years
2  is going to seem overwhelming to this individual, let alone
3  twenty-five to thirty.
4         So for all of those particular reasons, I just think
5  that the guideline range is totally inappropriate in this
6  case.  It's more than necessary, and it's just simply too
7  severe.
8         We are asking the Court to consider a sentence in
9  the range of -- if Mr. Flores is placed with a base offense
10 level of 36, based upon the quantity of the drug as opposed to
11 the purity, and then placed in Criminal History Category IV,
12 as being more reflective of his past history and the
13 seriousness of his offenses, because I really can't think of a
14 single other case I've ever had where somebody was in
15 Category VI that had no felony convictions.
16        I mean, usually when we see somebody in Category VI,
17 it's because there's been prior drug trafficking with a lot of
18 drugs involved or there's been violent behavior; there's been
19 guns involved, things of that nature.  We just don't have that
20 here.  So I think that placement would more adequate --
21 accurately and adequately reflect this particular individual's
22 circumstances.  That would give the -- place him in a range of
23 188 to 235 months' imprisonment, which would still be a very,
24 very lengthy sentence, Your Honor.
25        And then we are also asking that he be given credit

1  from June the 13th of 2010; that a recommendation be made that
2  he be allowed to participate in the Residential Drug Treatment
3  Program.  And subject to that recommendation, that he be
4  housed in a facility as close to El Paso, Texas, which is
5  consistent with his security classification within the Bureau
6  of Prisons.
7           **THE COURT**:  He was in state custody on June 13th and
8  then in federal custody on June 15th.  Was the state
9  custody --
10          **MS. GUNDEN**:  It's the same arrest, Your Honor.
11          **THE COURT**:  -- the same thing?
12          Is there any reason why the Court should not now
13  consider sentencing?
14          **MS. LAMBERSON**:  There is no reason.
15          **MS. GUNDEN**:  There is none.
16          **THE COURT**:  Is there any -- Sergio Omar Flores, it
17  is the judgment of this Court that you be committed to the
18  custody of the Federal Bureau of Prisons for 235 months.
19          The Court does not impose a fine.
20          The Court orders that, upon your release from
21  incarceration, you be placed on supervised release for five
22  years.
23          While on supervised release, you shall not commit
24  another federal, state or local crime, and shall not illegally
25  possess a controlled substance.

1   You shall refrain from any unlawful use of a
2   controlled substance.  You shall submit to one drug test
3   within fifteen days of release from imprisonment and at least
4   two periodic drug tests thereafter as directed by the
5   probation officer.
6   The -- you shall cooperate in the collection of DNA
7   as directed by the U.S. Probation Officer as authorized by the
8   Justice for All Act.
9   Now, while on supervised release, you shall also
10  comply with the standard conditions recommended by the U.S.
11  Sentencing Commission and comply with the following additional
12  conditions:
13  You shall not possess a firearm, destructive device,
14  or any other dangerous weapon.
15  You shall report in person to the probation office
16  in the district to which you are released within seventy-two
17  hours of release from the custody of the Federal Bureau of
18  Prisons.
19  You shall participate in a program, inpatient and/or
20  outpatient, approved by the U.S. Probation Office for
21  treatment of narcotic, drug or alcohol dependency, which will
22  include testing for the detection of substance use or abuse.
23  You shall abstain from the use of alcohol and all
24  other intoxicants during and after completion of treatment.
25  You shall contribute to the costs of services rendered a

1   co-payment at the rate of at least $5 a month.
2           You shall participate in mental health treatment
3   services directed by the probation officer until successfully
4   discharged, and these services may include medications
5   prescribed by a licensed physician.  The Court orders that you
6   contribute to the costs of services rendered at the rate of at
7   least $5 a month.
8           The Court orders that you pay a mandatory assessment
9   of $100.
10          Now, I've set your penalty at 235 months.  That is
11  substantially lower than the bottom of the guidelines that the
12  Court is told to consider.  Now, in doing this, I've
13  recognized that you have a lengthy criminal history, and just
14  the fact that it's one misdemeanor offense after another,
15  these have been serious offenses, and you have been a problem
16  to society for a long time.  And the Court recognizes that you
17  have this lengthy criminal history.
18          What I have looked at, after considering all the
19  statutory factors of 3553(a), is that this -- the guidelines
20  are a lengthy sentence.  The Court believes that the sentence
21  of 235 months meets the Court's requirements of sentencing and
22  deterrence.  So I have sentenced you below the guidelines.
23          I've not imposed a fine.  You've got a long
24  sentence.  When you get out, you're going to need to make a
25  living and do it in an honest way.

1            I've ordered five years' supervised release.  With
2 your background and that long sentence, you're going to need
3 the assistance of the probation officer in readjusting to
4 society, and society needs that protection from you because
5 you've had a -- you've had a long history of doing things you
6 shouldn't have done.
7            The Court's imposed a special assessment of $100
8 because the law requires to do that.
9            I'll remand you to the custody of the Marshal at
10 this time.
11            **MS. GUNDEN**:  The RDAP and El Paso, Your Honor.
12            **THE COURT**:  You've been in federal custody -- you've
13 been in custody since June the 13th of this year.  And I'll
14 recommend that you be given credit for that time to the
15 Federal Bureau of Prisons.
16            You may stand aside at this time.
17            Is there any other matter to be taken up at this
18 time?
19            **MS. LAMBERSON**:  There is not, Your Honor.
20            **THE COURT**:  The Court will be in recess.
21            **COURT SECURITY OFFICER**:  All rise.
22      **(End of Sentencing Proceedings for 11/19/2010.)**
23
24                        *   *   *   *   *   *
25

Stacy Mayes Morrison
Official Court Reporter

1    I certify that the foregoing is a correct transcript from
2    the record of proceedings in the above-entitled matter.  I
3    further certify that the transcript fees format comply with
4    those prescribed by the Court and the Judicial Conference of
5    the United States.

7    s/Stacy Mayes Morrison          8/31/2011
     Stacy Mayes Morrison            Date
8    Official Court Reporter